SUMMARY ORDER
Petitioner Zaheer Babar, a native and citizen of Pakistan, seeks review of an April 29, 2004, order of the BIA, affirming a January 15, 2003 decision of Immigration Judge (“IJ”) Vivienne Gordon-Uruakpa denying Babar’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Babar, No. A 78 842 887 (B.I.A. Apr. 29, 2004), aff'g No. A 78 842 887 (Immig. Ct. N.Y. City Jan. 15, 2003). Babar also moves for a remand to the BIA for further proceedings. We assume the parties’ familiarity with the facts and the procedural history of this case, and the scope of the issues presented by this petition.
Babar, a Sunni Muslim, states that he was beaten by members of an opposing Shi’ite political party for publishing a book he had written about the conflict between Shi’ites and Sunnis. After the beating, and following his own party members’ promises to avenge him, Babar states that he began to disassociate himself from his own Sunni political party. As he did so, he received threats from members his former party, which, Babar asserts, made him fear for his life, causing him to sell his business and flee to the United States. He asserts that if he is forced to return to Pakistan he will be killed by members of either the Shi’ite party that allegedly threatened and beat him, or his former Sunni party.
Following a hearing before the IJ where Babar described his alleged persecution and submitted documents relating to the political and human rights situation in Pakistan, the IJ denied his application for asylum, withholding of removal, and CAT relief, and ordered Babar removed to Pakistan. The IJ rested her ruling on a finding that Babar had failed to show that there was a proper nexus between the alleged threats and beating and one of five statutorily enumerated grounds required to establish refugee status.
Babar appealed the IJ’s decision. The BIA affirmed the IJ’s decision, but on a different ground. The BIA rejected the IJ’s finding that Babar had failed to show a proper nexus between the alleged attack and threats and his political and religious activities. It concluded, however, that his application should nonetheless be denied because he had failed to show that the government of Pakistan is unable or unwilling to protect him from his alleged persecutors. Babar subsequently filed a motion to reopen, which was denied. He now appeals the BIA decision affirming the IJ’s denial of his application for asylum, withholding of removal, and CAT relief, and moves for remand to the BIA for further proceedings.
‘When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining.” Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005) (internal quotation marks omitted). In a situation like this one, where the BIA “did not adopt the decision of the IJ to any extent, nor is the BIA’s [] opinion merely supplemental to the IJ’s decision, we review the decision of the BIA alone.” Aliyev v. Mukasey, 549 F.3d 111, 115 (2d Cir.2008) (internal quotation marks and citation omitted). We review the agency’s factual findings under the substantial evidence standard, treating them as “ ‘conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.’ ” Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008) (quot *780 ing 8 U.S.C. § 1252(b)(4)(B)). Under this standard, we will uphold a finding if it is “supported by reasonable, substantial, and probative evidence” in the record when considered as a whole. Diallo v. INS, 282 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted). Thus, our review is “exceedingly narrow.” Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (quotation marks omitted).
To establish eligibility for asylum, an applicant must show that he or she is a refugee, see 8 U.S.C. § 1158(b)(1)(A), meaning that he is “unable or unwilling to avail himself of the protection of [his or her home country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.” Id. at 1101(a)(42); Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An alien can qualify for refugee status in two ways: (1) “he may demonstrate that he has suffered past persecution, in which case a presumption arises that he has a well-founded fear of future persecution,” or (2) he “may establish that he has a well-founded fear of future persecution, which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable.” Ramsameachire, 357 F.3d at 178.
At the outset, there is a question of whether the BIA properly placed the burden of proof on Babar to establish a well-founded fear of persecution. This depends on whether the BIA found that he had established past persecution.' The BIA said: “[W]e agree with the Immigration Judge’s conclusion that the respondent failed to meet his burden of establishing past persecution or a well-founded fear of [future] persecution.” Yet, the BIA was somewhat unclear as to whether it indeed found that Babar had failed to carry his burden of showing past persecution because he had not shown that his past mistreatment arose from the unwillingness or inability of the Pakistani government to protect him from the private individuals who were directly responsible for his alleged mistreatment. In its primary holding, the BIA stated only that “there has been no showing that the Government of Pakistan is unable or unwilling to protect the respondent from his alleged persecutors.” (Emphasis added.) By using the present tense, the BIA might have been referring only to a failure of Babar to show his well-founded fear of present or future persecution, not past persecution. If by that omission the BIA meant to indicate a conclusion that Babar did establish past persecution, the burden would then have been on the government, not Babar, to show that he does not have a well-founded fear of future persecution. See Ramsameachire, 357 F.3d at 178; Kyaw Zwar Tun v. INS, 445 F.3d 554, 564 (2d Cir.2006). There is no indication that either the BIA or the IJ concluded that the government had met that burden.
In light of the BIA’s conclusion on the merits and the tenor of its decision, however, we read its decision as reflecting its conclusion that Babar did not meet his burden of establishing past persecution attributable to the government of Pakistan. It was then proper for. the BIA to conclude, on the record before it, that Babar did indeed fail to carry his burden of establishing that he had a well-founded fear of mistreatment by individuals based on a protected ground, which the government of Pakistan was unable or unwilling to prevent.
The BIA’s primary holding was that although Babar had shown a nexis between his mistreatment and a protected ground, he had failed to show that the government of Pakistan was unable or unwilling to *781 protect him from that mistreatment. “[I]t is well established that private acts may be persecution if the government has proved unwilling to control such actions.” Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 342 (2d Cir.2006). In ruling that Babar had not established that the government of Pakistan was unwilling or unable to protect him, the BIA relied on State Department reports that Babar had submitted indicating that the persons Babar feared were members of extremist political parties that are illegal, many of whose members had, in fact, been arrested. Babar points out that the same documents that the BIA relied upon also reported that such efforts at arrests in Pakistan had met with “mixed results,” that violence between rival Sunni and Shi’ite groups continued, that rumors persisted that high level party leaders had avoided arrest, and that those who had been arrested were released after short periods of incarceration. While we acknowledge this countervailing evidence, the BIA’s finding that Babar had not shown that the government of Pakistan was unwilling or unable to protect him was supported by substantial evidence in the record such that we cannot say that “any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B).
We note that the BIA’s finding that Babar had failed to show the government of Pakistan was unwilling or unable to protect him raises significant procedural questions. The IJ never made such a finding, nor did it mention, or appear even to examine, the evidence that the BIA relied upon in its decision. This raises the close question of whether the BIA engaged in impermissible fact-finding. See 8 C.F.R. § 1003.1(d)(3)(iv)(“Except for taking administrative notice of commonly known facts such as current events ..., the Board will not engage in factfinding in the course of deciding appeals.”). But because Babar’s counsel failed to raise this issue on appeal, we deem it waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
The BIA’s finding that Babar failed to show that the Pakistani government was unable or unwilling to protect him from his alleged persecutors was supported by substantial evidence in the record. Because we conclude that all other issues raised by Babar are without merit, we deny his petition for review.
For the foregoing reasons, the petition for review of the order of the BIA, and the related motion to remand, are hereby DENIED.